**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

MARLENE DENNIS,
   on behalf of herself and
   all others similarly situated,

       **Plaintiffs,**

v.                         **Civil Action No. 3:12cv616 (JAG)**

NATIONSTAR MORTGAGE, LLC,

       **Defendant.**

<u>**AMENDED CLASS ACTION COMPLAINT**</u>

1.     Plaintiff Marlene Dennis, on behalf of herself and all others similarly situated, alleges that Defendant Nationstar Mortgage, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") by failing to disclose to Virginia consumers their thirty-day debt validation rights, as required by the FDCPA's cornerstone disclosure provisions found at 15 U.S.C. § 1692g and failing to disclose in written communications that the communications are from a debt collector in violation of 15 U.S.C. § 1692e(11).

        **I.**    <u>**JURISDICTION AND VENUE**</u>

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d).   Venue in this District is proper because Plaintiff resides here and Defendant sent correspondences to Ms. Dennis into this District.

        **II.**    <u>**PARTIES**</u>

3.     Plaintiff Marlene Dennis is a natural person who resides in Middleburg, Virginia.

4.     Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

5.     Defendant Nationstar Mortgage, LLC (hereinafter "Nationstar") is a Delaware limited liability company, which has its place of business located at 350 Highland Drive,

Lewisville, Texas 75067, and has as its registered agent Corporation Service Company located at Bank of America Center, 16th floor, 1111 E. Main Street, Richmond, Virginia 23219.

6.     Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

7.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owe or due or asserted to be owed or due for other parties and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. §1692a(6).

### III.     FACTUAL ALLEGATIONS

8.     Plaintiff borrowed $632,000.00 for a home mortgage loan, as evidenced by a promissory note ("Note") dated March 30, 2007. The Note was payable to First Horizon Home Loan Corporation.

9.     The Note was secured by a Deed of Trust dated March 30, 2007.

10.     The subject debt arose from a home loan, a transaction incurred primarily for personal, family or household purposes.

11.     Facing financial hardship, Plaintiff later became in default on her home loan.

12.     Defendant sent Plaintiff a letter dated August 25, 2011 advising that the servicing of her home loan was being transferred from First Horizon Home Loans to Nationstar Mortgage, LLC effective August 15, 2011.

13.     Exhibit A is a true copy of this letter.

14.     Defendant failed to disclose that this communication is from a debt collector.

15.     Defendant also failed to disclose that it is attempting to collect a debt and any information obtained would be used for that purpose.

16.     Both omissions are violations of 15 U.S.C. § 1692e(11).

17.     The FDCPA "expressly prohibits this exact *omission* by requiring debt collectors to disclose their status in every communication with a consumer." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012).

18.     Defendant sent Plaintiff another letter dated August 25, 2011.

19.     Exhibit B is a true copy of that letter.

20.     Plaintiff became in default on her loan prior to August 15, 2011.

21.     Plaintiff was in default when Defendant sent Exhibits A and B.

22.     Plaintiff was in default when Defendant became the servicer of her home loan.

23.     As a consequence of Plaintiff having been in default at the time Defendant became the servicer of Plaintiff's loan, Defendant is considered to be a "debt collector," within the meaning of the FDCPA.

24.     The text of Exhibit B reads in pertinent part:

Dear MARLENE DENNIS

Welcome to Nationstar Mortgage!

We look forward to servicing your loan on behalf of Bank of NY Mellon as Trustee for FHASI 2007-AR3.

- Your total debt at the time of the transfer is $686,742.09. This amount includes your outstanding Unpaid Principal Balance of $632,000.00, $47,013.73 in Interest, $513.51 from Fees, and $1,537.83 from expenses paid on your behalf.

- This debt is owed to Bank of NY Mellon as Trustee for FHASI 2007-AR3, but is being serviced by Nationstar.

- Unless you dispute the validity of this debt, or any portion thereof, in writing within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by Nationstar.

- If you notify Nationstar in writing within this thirty (30) day period that the debt, or any portion thereof, is disputed, Nationstar will obtain verification of the debt and a copy of such verification will be sent to you.

We welcome you to Nationstar Mortgage and look forward to being your mortgage servicer.

> Mail written disputes to:
> Nationstar Mortgage LLC
> Attn: Research Department
> 350 Highland Drive
> Lewisville, TX 75067

For Customer Service Inquiries, call toll free at 1-888-850-9398.

Sincerely,

Nationstar Mortgage LLC

**_Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose._**

(Emphasis in original)

25.     Exhibit B is Defendant's attempt to make the debt validation disclosures required by the FDCPA at 15 U.S.C. § 1692g.

26.     Exhibit B fails in numerous respects to make the § 1692g disclosures.

27.     Exhibit B does not contain the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

28.     Exhibit B does not contain the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2).

29.     See, *e.g.*, *Bourff v. Rubin Lublin, LLC*, No. 10-14618, 674 F.3d 1238; 2012 U.S. App. LEXIS 5613, 2012 WL 971800 (11th Cir. Mar. 15, 2012) )(stating "[t]he identity of the "creditor" is a serious matter"); *Shoup v. McCurdy & Candler,* 465 Fed. Appx. 882, 2012 U.S. App. LEXIS 6443 (11th Cir. March 30, 2012).

30.     Defendant's purported notice to Plaintiff of her thirty day validation rights failed to disclose that *oral* disputes overcome the debt collector's assumption of validity of the debt, required by the FDCPA at § 1692g(3) to be disclosed as follows:

### § 1692g.     Validation of debts

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
…
(3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

31.     Defendant was required to disclose to Plaintiff that she was entitled to dispute the debt *orally* in order to overcome a debt collector's assumption that a debt is valid.

32.     Defendant's § 1692g(3) disclosure required Plaintiff to dispute "in writing" in order to overcome the assumption of validity.

33.     See, *e.g.*, *Camacho v. Bridgeport Fin., Inc.,* 430 F.3d 1078, 1082 (9th Cir. 2005); and *Turner v. Shenandoah Legal Group, et al.*, 2006 U.S. Dist. Lexis 39341 (E.D. Va. 2006).

34.     On or about May 30, 2012, Defendant, or its agent, attached a "door hanger" to Plaintiff's residence.

35.     Exhibit C is a true copy of the bright yellow door hanger.

36.     The door hanger was placed in an unsealed envelope in the gap between the door and the frame.

37.     The door hanger said it was "IMPORTANT" and advised the Plaintiff to "PLEASE CALL" the Defendant.

38.     The door hanger further went on to say that "WE ARE EXPECTING YOUR

CALL TODAY."

39.     The door hanger did not make the 15 U.S.C. § 1692e(11) disclosures.

40.     The omission of the § 1692e(11) disclosures was a violation of the FDCPA.

## IV.     CLASS ACTION ALLEGATIONS CLASS ACTION ALLEGATIONS

41.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this

action for herself and on behalf of a class initially defined as follows:

> All natural persons residing in Virginia at the time that they received
> correspondence from the Defendant (i) in an attempt to collect a debt serviced by the
> Defendant, (ii) that was incurred primarily for personal, household or family purposes (iii)
> at a time that Defendant's records stated that the subject debt was in default, (iv) during
> the one year period prior to the filing of the Complaint in this matter.

> Subclass 1:   All natural persons residing in Virginia at the time that they received
> a Notice of Assignment, Sale or Transfer of Servicing Rights similar to Exhibit A from the
> Defendant (i) in an attempt to collect a debt serviced by the Defendant, (ii) that was
> incurred primarily for personal, household or family purposes (iii) at a time that
> Defendant's records stated that the subject debt was in default, (iv) during the one year
> period prior to the filing of the Complaint in this matter, (v) that failed to disclose that the
> communication was from a debt collector. ("Notice of Assignment Class").

> Subclass 2:   All natural persons residing in Virginia at the time that they received
> a Dunning Notice similar to Exhibit B from the Defendant (i) in an attempt to collect a debt
> serviced by the Defendant, (ii) that was incurred primarily for personal, household or
> family purposes (iii) at a time that Defendant's records stated that the subject debt was in
> default, (iv) during the one year period prior to the filing of the Complaint in this matter,
> (vi) that failed to identify the creditor to whom the debt was owed and/or failed to
> disclose that oral disputes were appropriate, and/or failed to disclose the amount of the
> debt as of the date of the letter. ("Dunning Notice Class").

> Subclass 3:   All natural persons residing in Virginia at the time that they
> received a Door Tag similar to Exhibit C from the Defendant (i) in an attempt to collect a
> debt serviced by the Defendant, (ii) that was incurred primarily for personal, household or
> family purposes (iii at a time that Defendant's records stated that the subject debt was in
> default,, (iv) during the one year period prior to the filing of the Complaint in this matter,
> (v) that failed to disclose that the communication was from a debt collector.    ("Door Tag
> Class").

42.     **Numerosity. Fed. R. Civ. P 23(a)(1)** Upon information and belief, Plaintiff

alleges that the class members are so numerous that joinder of all is impractical.   The names and addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

43.   **Predominance of Common Questions of Law and Fact.** FED. R. CIV. P. **23(a)(2).** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members.   These questions predominate over the questions affecting only individual class members. The principal issues are:

a.   Whether Nationstar Mortgage, LLC is a debt collector.

b.   Whether Defendant had to disclose that it was a debt collector on all correspondences to the Plaintiff and the putative class members.

c.   Whether Defendant's correspondence in the form of Exhibit A violated the FDCPA.

d.   Whether Defendant's correspondence in the form of Exhibit B violated the FDCPA.

e.   Whether Defendant's communication in the form of Exhibit C violated the FDCPA.

44.   **Typicality.** FED. R. CIV. P. 23(a)(3) Plaintiffs' claims are typical of the claims of each putative class member.   In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

45.   **Adequacy of Representation.** FED. R. CIV. P. 23(a)(4) Plaintiff is an adequate representative of the putative class, because her interests coincide with, and are not antagonistic to,

the interests of the members of the Class they seek to represent; she has retained counsel competent and experienced in such litigation; and they have and intend to continue to prosecute the action vigorously.   Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class.   Neither Plaintiff nor her counsel have any interests which might cause her not to vigorously pursue this action.

46.       **Superiority. FED. R. CIV. P. 23(b)(3)** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.   The damages sought by each member are such that individual prosecution would prove burdensome and expensive.   It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them.    Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts.   Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct.   By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

47.       **Injunctive Relief Appropriate for the Class.    FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1692e(11)

48.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

49.     Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(11) by failing to disclose in its Notice of Assignment, Sale or Transfer of Servicing Rights that the communication is from a debt collector.

50.     Defendant also failed to disclose in its Notice of Assignment, Sale or Transfer of Servicing Rights that it is attempting to collect a debt and any information obtained would be used for that purpose in violation of 15 U.S.C. § 1692e(11).

51.     Defendant failed to disclose on "door hangers" that it is attempting to collect a debt and any information obtained would be used for that purpose in violation of 15 U.S.C. § 1692e(11).

52.     Plaintiffs and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

53.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

54.     Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(1) because the "Dunning Notice" 1) does not contain the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1); 2) Does not contain the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2); and 3) Failed to disclose that *oral* disputes overcome the debt collector's assumption of validity of the debt, as required by the FDCPA at 15 U.S.C. §

1692g(3), by requiring that unless the consumer disputed the validity of the debt *in writing*, the debt would be assumed to be valid. (emphasis supplied).

55.    Plaintiffs and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**<u>COUNT THREE:</u>**
**VIOLATION OF 15 U.S.C. § 1692g(a)(2)**

56.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

57.    Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(2) because the "Dunning Notice" does not contain the name of the creditor to whom the debt is owed.

58.    Plaintiffs and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**<u>COUNT FOUR:</u>**
**VIOLATION OF 15 U.S.C. § 1692g(3)**

59.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

60.    Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(3) because the "Dunning Notice" failed to disclose that *oral* disputes overcome the debt collector's assumption of validity of the debt, by requiring that unless the consumer disputed the validity of the debt *in writing*, the debt would be assumed to be valid. (emphasis supplied).

61.     Plaintiffs and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff Marlene Dennis requests that the Court enter judgment on behalf of herself and the class she seeks to represent against Defendant Nationstar Mortgage, LLC for:

A.      Certification for this matter to proceed as a class action;

B.      Declaratory relief that Defendant's use of Exhibit A, B and C violate the FDCPA as alleged;

C.      Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D.      Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

E.      Such other or further relief as the Court deems proper.

Respectfully submitted,
Marlene Dennis
By Counsel

_____/s/_____
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
(703) 277-9774
(703) 591-9285 Facsimile
kkelly@siplfirm.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA  23601
 (757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February, 2013, I electronically filed the foregoing

documents with the Clerk of Court using the CM/ECF system, which then sent a notification of

such filing (NEF) to the following:

John C. Lynch (VSB # 39267)
Jason E. Manning (VSB # 74306)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Counsel for Nationstar Mortgage, LLC


_____/s/_____
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com



**MORTGAGE**
BOX 650783
LAS, TX 75265

**FIRST HORIZON.**

www.MyNationstarMtg.com

August 25, 2011

55094 0005704

MARLENE DENNIS

MIDDLEBURG VA ████

New Nationstar Loan Number: ████4021

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

Dear Marlene Dennis:

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from FIRST HORIZON HOME LOANS to Nationstar Mortgage LLC, effective 08/15/11.

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires Nationstar Mortgage send you this notice no later than 15 days after the effective date of the transfer.

Your new servicer is Nationstar Mortgage LLC.

Nationstar Mortgage's business address is:

Nationstar Mortgage LLC
350 Highland Drive
Lewisville, Texas 75067
**www.MyNationstarMTG.com**

Nationstar Mortgage's toll free number is 1-888-850-9398. If you have any questions relating to the transfer of servicing to Nationstar Mortgage, call 1-888-850-9398 between 8 a.m. and 8 p.m. on the following days Monday - Thursday, 8 a.m. and 5 p.m. on Friday, or visit us anytime at **www.MyNationstarMTG.com.**

The date that Nationstar Mortgage will start accepting from you is 08/15/11.  You can pay online via the Nationstar Mortgage website at **www.MyNationstarMTG.com.**, or you can send all payments due on or after that date to:

Nationstar Mortgage LLC
PO Box 650783
Dallas, Texas 75265

Your mortgage life insurance, disability insurance and/or other optional products will continue.

Enclosed is your Welcome Letter which includes a payment coupon with detailed loan information.

**You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):**

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C 2605) gives you certain consumer rights.  If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 5 Business Days of receipt of your request.  A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request.  If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to this address:

Nationstar Mortgage LLC
Attention Research Department
350 Highland Drive
Lewisville, Texas 75067
**www.MyNationstarMTG.com**

Not later than 30 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute.  During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section.  You should seek legal advice if you believe your rights have been violated.

**Important Loan Transfer "Home Affordable Modification Program" Information**

**Home Affordable Modification Program:** If you are currently participating in (or being considered for) a loan modification program, we will be transferring all your documentation to the new servicer. Until the transfer date, you should continue to make your payments (e.g., trial payments if attempting to qualify for a modification under the Home Affordable Modification Program) to First Horizon Home Loans. After transfer, you should make all payments to Nationstar until such time that you are provided additional direction. Decisions regarding qualification will be made by Nationstar. All information regarding other loss mitigation activities (forbearance agreements, short sales, refinances and deed-in-lieu of foreclosure) will be forwarded to Nationstar for processing. Please be advised that this transfer may extend the time needed for a final decision.

Sincerely,
Nationstar Mortgage LLC

**Nationstar**
MORTGAGE
P.O. BOX
DALLAS, TX 75295

**FIRST HORIZON.**

www.MyNationstarMtg.com

August 25, 2011



55094 0005704                    RE: Nationstar Mortgage LLC Loan Number: ▓▓▓4021

MARLENE DENNIS
▓▓▓▓▓▓▓▓▓
MIDDLEBURG VA ▓▓▓

**EXHIBIT**

**B**

Dear MARLENE DENNIS

Welcome to Nationstar Mortgage!

We look forward to servicing your loan on behalf of Bank of NY Mellon as Trustee for FHASI 2007-AR3.

- Your total debt at the time of the transfer is $686,742.09. This amount includes your outstanding Unpaid Principal Balance of $632,000.00, $47,013.73 in Interest, $513.51 from Fees, and $1,537.83 from expenses paid on your behalf.

- This debt is owed to Bank of NY Mellon as Trustee for FHASI 2007-AR3, but is being serviced by Nationstar.

- Unless you dispute the validity of this debt, or any portion thereof, in writing within thirty (30) days after receipt of this notice, the debt will be assumed to be valid by Nationstar.

- If you notify Nationstar in writing within this thirty (30) day period that the debt, or any portion thereof, is disputed, Nationstar will obtain verification of the debt and a copy of such verification will be sent to you.

We welcome you to Nationstar Mortgage and look forward to being your mortgage servicer.

Mail written disputes to:
Nationstar Mortgage LLC
Attn: Research Department
350 Highland Drive
Lewisville, TX 75067

For Customer Service Inquiries, call toll free at 1-888-850-9398.

Sincerely,

Nationstar Mortgage LLC

*Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.*