**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**MARLENE DENNIS, on behalf of
herself and all others similarly situated,**

      **Plaintiff,**

      v.                                    Civil Action No. 3:12cv616 (JAG)

**NATIONSTAR MORTGAGE, LLC,**

      **Defendant.**

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS**

Defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant"), by counsel, submits this Memorandum in Support of its Motion to Strike Plaintiff Marlene Dennis' ("Plaintiff") Class Allegations pursuant to Rule 23 of the *Federal Rules of Civil Procedure*. Plaintiff's class allegations should be stricken because (a) the numerosity requirement is not met with respect to the class as defined in Plaintiff's original Class Action Complaint (the "Original Complaint"), and (b) claims by putative members of the amended class as defined in Plaintiff's Amended Class Action Complaint (the "Amended Complaint") are time-barred except for the Door Hanger Subclass. (Am. Compl. ¶ 41).

**I.    RELEVANT FACTUAL BACKGROUND**

Nationstar incorporates by reference its statement of factual allegations in the Memorandum in Support of Nationstar's Motion for Judgment on the Pleadings.

The following additional facts and procedural history are relevant to the resolution of this Motion. Plaintiff filed the Original Complaint claiming violations of the FDCPA disclosure requirements in Nationstar's letter to Plaintiff dated August 25, 2011 (the "FDCPA Letter"). The Original Complaint was filed on August 23, 2012, just two days before the expiration of the

FDCPA one-year statute of limitations. Plaintiff alleged a class of Virginia consumers who received similar FDCPA letters and **whose debt is owed to Bank of NY Mellon as Trustee for FHASI 2007-AR3** [hereinafter, the "Original Class"]:

> all Virginia residents to whom Defendant sent [the FDCPA Letter], (ii) which contain the CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(G) with text identical to that in [the FDCPA Letter], (iii) in an attempt to collect a debt allegedly due Bank of NY Mellon as Trustee for FHASI 2007-AR3, (iv) incurred for personal, family or household purposes, (v) which debt was either in default, (vi) during the one year period prior to filing of the Complaint in this matter.

(Compl. ¶ 30).

On January 18, 2013, Nationstar served its responses to Plaintiff's First Set of Discovery Requests disclosing that there are only **two (2)** members in the Original Class. Therefore, the numerosity requirement is not met. A copy of the relevant discovery responses, along with Nationstar's signed Verification Page, is attached hereto as **Exhibit 1**. (*See* Nationstar's Responses to Pl.'s RFA Nos. 8–13; ROG No. 3, and RPD No. 6). In response, on February 22, 2013, Plaintiff moved to amend the Original Complaint and expand the class definition. (Docket Nos. 15–16). On February 27, 2013, Plaintiff's motion to amend was granted (Docket No. 17).

In the Amended Complaint, Plaintiff alleges two new FDCPA violations based on a Notice of Servicing Assignment dated August 25, 2011 (the "Notice of Servicing Transfer") and a notice posted on Plaintiff's front door on or around May 30, 2012 (the "Door Hanger"). The Amended Complaint seeks to broaden the Original Class and encompass all Virginia recipients of Nationstar's correspondence without regard to the creditor to whom the debt is owed [hereinafter, the "Amended Class"]:

> All natural persons residing in Virginia at the time that they received correspondence from the Defendant (i) in an attempt to collect a debt serviced by the Defendant, (ii) that was incurred primarily for personal, household or family purposes (iii) at a time that Defendant's records stated that the subject debt was in

default, (iv) during the one year period prior to the filing of the Complaint in this matter.

(Am. Compl. ¶ 41).

The Amended Class is divided into three sub-classes: recipients of the Notice of Servicing Transfer (the "Notice of Servicing Transfer Subclass"),[1] recipients of the FDCPA Letters (the "FDCPA Letter Subclass),[2] and recipients of the Door Tags (the "Door Tag Subclass).[3] *Id.* Each subclass seeks to include recipients of the relevant correspondence "during the one year period prior to the filing of the Complaint in this matter." *Id.*

The Amended Class claims are time-barred under controlling law because the statute of limitations was not tolled by the filing of the Original Complaint for anyone other than the purported class members whose claims were asserted. The purported class in the Original Complaint was limited to two individuals. Plaintiff's attempt to broaden the class in the Amended Complaint to include all Virginia residents, regardless of the creditor to whom the debt is owed, fails under controlling law. The statute of limitation period for those unasserted claims expired, the Original Complaint did not include those purported class members. Therefore, the newly alleged class claims for the Notice of Servicing Transfer Subclass and the FDCPA Letter Subclass must be stricken from the Amended Complaint as a matter of law.[4]

---

[1] The Amended Complaint styles them as the "Notice of Assignment Class." Am. Compl. ¶ 41, Subclass 1.
[2] The Amended Complaint styles them as the "Dunning Notice Class." Am. Compl. ¶ 41, Subclass 2.
[3] The Amended Complaint styles them as the "Door Tag Class." Am. Compl. ¶ 41, Subclass 3.
[4] Class claims of the Door Hanger Subclass are not time-barred because they were filed on February 27, 2013, i.e. within one year of the alleged posting of the door hanger on May 30, 2012.

3

## II. LEGAL STANDARD

**A.** <u>**This Court Has the Power to Grant a Motion to Strike Plaintiff's Class Allegations.**</u>

Rule 23(c)(1)(A) requires that a court rule on class certification "at an early practicable time after a person sues or is sued as a class representative …." *Id.* In doing so, the Court does not have to wait for plaintiff's motion for class certification but may issue an order regarding plaintiff's inability to maintain the suit as a class action upon defendants' motion. *See e.g., Cornette v. Jenny Garton Ins. Agency, Inc.*, Case No. 2:10-cv-60, 2010 U.S. Dist. LEXIS 52809, *5-7 (N.D. W. Va. May 27, 2010) (citing *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) and *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 935-40 (9th Cir. 2009)). This is consistent with the established jurisprudence that "[a] court has broad discretion in deciding whether to allow the maintenance of a class action." *Roman v. ESB, Inc.*, 550 F.2d 1343, 1348-1349 (4th Cir. 1976) (citing 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1785, p. 134) (2d ed. 1974). In fact, "[n]othing in the plain language of Rule 23(c)(1)(A) either vests plaintiffs with the exclusive right to put the class certification issue before the district court or prohibits a defendant from seeking early resolution of the class certification question." *Vinole*, 571 F.3d at 939-40.

Accordingly, many courts have recognized motions to strike as a proper mechanism to attack inadequate class allegations. *See, e.g.*, 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1760, at 131 ("Of course, if the court is persuaded that no definable class is present, it may have the class allegations stricken and allow the action to proceed on an individual basis."); *Cornette*, 2010 U.S. Dist. LEXIS 52809, *5-7 (N.D. W. Va. May 27, 2010) (granting defendant's motion to strike class allegations because "the plaintiff's inability to maintain this suit as a class action is apparent from the face of the Complaint"); *Wright v. Family Dollar, Inc.*, Case No. 10-cv-4410, 2010 U.S. Dist. LEXIS 126643, *4 (N.D.

Ill. Nov. 30, 2010) ("when the defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained."); *Bearden v. Honeywell Int'l, Inc.*, 720 F. Supp. 2d 932, 942 (M.D. Tenn. 2010) (stating that motion to strike class allegations is appropriate where "it is clear from the face of the complaint that a proposed class cannot satisfy the requirements of Rule 23.").

B.  **Plaintiff Bears the Burden to Show that She Can Meet Rule 23 Class Requirements.**

"[I]n case after case," the Fourth Circuit has stressed that "it is **not the defendant** who bears the burden of showing that the proposed class **does not comply** with Rule 23, but that it **is the plaintiff** who bears the burden of showing that the class **does comply** with Rule 23." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006) (emphasis in original) (citing cases). This is so even in the context of a defendant's motion challenging the propriety of the class allegations. *See*, *e.g.*, *Cornette,* 2010 U.S. Dist. LEXIS 52809 (N.D.W.V. May 27, 2010) (finding plaintiff bears the burden of establishing that certification is appropriate even on defendant's motion to strike); *Talley v. ARINC, Inc.*, 222 F.R.D. 260 (D. Md. 2004) (granting motion to strike class allegations); *Rodrigues v. Pacific Tel. & Tel. Co.*, 70 F.R.D. 414, 416 (N.D. Cal. 1976) ("[E]ven upon a defendant's motion for determination that an action not be maintained as a class action, the burden is upon plaintiff to establish that the requirements of Rule 23 are satisfied"). Therefore, Plaintiff has the burden to show that she can meet Rule 23's high standard for class certification.

C.  **Rule 23's Requirements For Class Certification.**

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011). Courts, therefore, must engage in a "rigorous analysis" before certifying a class.

*Id.* at 2551. Plaintiffs are required to affirmatively prove their ability to satisfy each element of Rule 23(a) — "numerosity of parties, commonality of factual or legal issues, typicality of claims and defenses of class representatives, and adequacy of representation" — and one of the three subparts of Rule 23(b) before the district court could certify a class. *Thorn*, 445 F.3d at 318.

Here, Plaintiff cannot meet her burden to satisfy all of the elements for class certification under FRCP 23(a) and (b) because: (1) there are only two members in the Original Class; and (2) claims by putative members of the Amended Class (excluding the Door Hanger subclass) are time barred as a matter of controlling law. Moreover, the Supreme Court has made clear that where plaintiff's allegations in the complaint are insufficient, defendant should not be burdened with costly discovery. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ("[T]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching [summary judgment] proceedings."). Given Plaintiff's failure to meet the numerosity requirement as to the Original Class, the time bar as to Plaintiff's Amended Class' claims, and the Supreme Court's warning against permitting discovery on inadequate allegations, the Court should strike the class allegations in the Amended Complaint.

### III. ARGUMENT

**A. <u>Plaintiffs Cannot Meet the Numerosity Requirement for the Original Class.</u>**

The numerosity requirement of Rule 23 provides that a lawsuit may be brought as a class only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). While there is no "magic number," "it is well settled that one or two will not meet the numerosity test." *Brown v. Eckerd Drugs, Inc.*, 669 F.2d 913, 917 (4th Cir. 1981); *see also Chisolm v. TranSouth Fin. Corp.*, 184 F.R.D. 556, 561 (E.D. Va. 1999) (citing to "an exhaustive review of the cases on the numerosity requirement" concluding that a numerosity is lacking in a class of less than twenty-five people).

6

Here, the Original Class consists of only two members. (Ex. 1) (Nationstar's Responses to Pl.'s RFA Nos. 8–13; ROG No. 3, and RPD No. 6). Accordingly, Plaintiff cannot meet the numerosity requirement and her Original Class allegations must be stricken.

**B.** **Amended Class Claims Are Time-Barred.**

    **1.** **Under Controlling Law, Equitable Tolling Applies Only to Members of the Original Class.**

The FDCPA claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In cases arising from the allegedly violative correspondence, the statute of limitations starts running "when a communication violating the FDCPA is sent." *See, e.g., Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 501 (D. Md. 2004); *see also Llewellyn v. Shearson Fin. Network, Inc.*, 622 F. Supp. 2d 1062, 1073 (D. Colo. 2009) ("An FDCPA claim accrues at the time the false or misleading communication is made.").

"'[T]he commencement of a class action suspends the applicable statute of limitations **as to all asserted members of the class** who would have been parties had the suit been permitted to continue as a class action.'" *Smith v. Pennington*, 352 F.3d 884, 892-893 (4th Cir. 2003) (quoting *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)) (emphasis added). Therefore, to take advantage of tolling, **"[the newly added putative members] first must have been members of the [original] class."** *Smith*, 352 F.3d at 892 (citing *In re Syntex Corp. Securities Litigation*, 95 F.3d 922, 936 (9th Cir. 1996)) (emphasis added); *see also Bridges v. Dep't of Md. State Police*, 441 F.3d 197 (4th Cir. 2006) (holding the would-be plaintiffs who were not members of the original class could not join plaintiffs' lawsuit because their claims were time-barred). "The scope of a plaintiff's asserted class for tolling purposes is that class for which there was 'fair notice' as to both 'the substantive claims' and the 'number and generic

7

identities of the potential plaintiffs' that might 'participate in the judgment' if the plaintiff's desired class was, in fact, certified." *Id*. at 893.

The Eleventh Circuit addressed this issue in the FDCPA context. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1132-1133 (11th Cir. 2004). In *Cliff*, the Court denied Plaintiff's request to enlarge the class holding that nothing prevented the class representative from seeking to represent the nationwide class, as opposed Florida residents, from the moment the suit was initiated. *Id.* During the pendency of the statute of limitations, defendant was placed on notice that it would have to defend only against Florida consumers and subsequent amendment unfairly prejudiced defendant. *Id.* As did the Fourth Circuit, the Eleventh Circuit also relied on *American Pipe* in concluding that relation back did not apply:

> **Relation back, at least on the facts of this case, would not accord with one of the rationales of *American Pipe*, that commencement of the class action adequately notifies the defendants "not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment**. Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation . . . ."

*Id.* (quoting *American Pipe*, 414 U.S. at 554-55) (emphasis added); *see also Johnson v. Riddle*, 2007 U.S. Dist. LEXIS 11101 (D. Utah Feb. 15, 2007) ("An amended complaint in a class action which broadens the definition of the proposed class does not relate back to the date of filing of the original complaint so as to toll the applicable statute of limitations on the date of the filing of the original complaint on behalf of persons … who are not members of the class as originally defined"); *Pirelli Armstrong Tire Corp. Retiree Med. Bens. Trust v. Dynegy, Inc.*, 339 F. Supp. 2d 804, 866 (S.D. Tex. 2004) (holding class representative could not amend the complaint to add new members whose claims expired).

8

### 2. Claims by the Amended Class Are Time-Barred.

During the pendency of the Original Complaint, Nationstar was only given notice of the claims by the Original Class defined as the borrowers who owed their debt to Bank of NY Mellon as Trustee for FHASI 2007-AR3 and who received an FDCPA Letter in the form received by Plaintiff (that purported class was limited to two individuals). (Compl. ¶ 30).

Under *American Pipe* and its progeny, the statute of limitations with respect to the FDCPA claims of the Original Class became equitably tolled on the date the Original Complaint was filed. In contrast, **the statute of limitations continued running with respect to any consumers who were not part of the Original Class and it ran out on August 25, 2012—one year after Nationstar sent the Notice of Servicing Transfer and FDCPA letters that Plaintiff alleges violated the statute.** This conclusion is mandated by the Supreme Court's reasoning in *American Pipe* because Nationstar had no 'fair notice' as to both 'the substantive claims' and the 'number and generic identities' of the putative members of the Amended Class until Plaintiff filed the Amended Class Action Complaint on February 27, 2013—after the statute of limitation period expired. Neither consumers who owe their debts to creditors other than Bank of NY Mellon as Trustee for FHASI 2007-AR3 nor consumers whose claims are based on a Notice of Servicing Transfer were part of the Original Class alleged. (*Compare* Compl. ¶ 31 *with* Am. Compl. 41). Therefore, claims by such putative members of the Amended Class are time barred and Plaintiffs' Amended Class allegations must be stricken.

### IV.   CONCLUSION

For all of the above reasons, Defendant Nationstar Mortgage, LLC, respectfully requests that the Court grant its Motion to Strike Class Allegations, with the exception of the Door Hanger Subclass, and grant Defendant any further legal or equitable relief as the Court deems appropriate.

Dated: April 15, 2013                                Respectfully submitted,

                                                              **NATIONSTAR MORTGAGE LLC**

                                                              By:   /s/ Jason E. Manning
                                                                           Of Counsel

John C. Lynch (VSB # 39267)
Jason E. Manning (VSB # 74306)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com


## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of April, 2013, I electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/EC participants:

**Counsel for Plaintiff Marlene Dennis**
Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb Street
Petersburg, VA 23803-3212
E-mail: dale@pittmanlawoffice.com

Kristi C. Kelly
Surovell, Isaacs, Petersen & Levy, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
E-mail: kkelly@siplfirm.com

Leonard A. Bennett
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 101
Newport News, Virginia 23606
E-mail: lenbennett@clalegal.com

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
E-mail: matt@clalegal.com

    /s/ Jason E. Manning
John C. Lynch (VSB # 39267)
Jason E. Manning (VSB # 74306)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

20392184v2