**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**MARLENE DENNIS, on behalf of
herself and all others similarly situated,**

       **Plaintiff,**

  **v.**                              **Civil Action No. 3:12cv616 (JAG)**

**NATIONSTAR MORTGAGE, LLC,**

       **Defendant.**

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

Defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant"), by counsel, submits this Memorandum in Opposition to Plaintiff Marlene Dennis' ("Plaintiff") Motion for Leave to File Second Amended Class Action Complaint ("Second Amended Complaint").

Plaintiff's Motion for Leave should be denied on the grounds that:

(A)    It is unduly late and prejudicial because the deadlines for amending pleadings and completing discovery have expired; and

(B)    Plaintiff's proposed amendment is futile because:

(1)    Proposed class representative Timothy Kelly ("Kelly") is not a member of the class and is therefore not an adequate class representative;

(2)    Plaintiff's class allegations are time barred; and

(3)    Plaintiff's and Kelly's claims fail as a matter of law on the face of the Second Amended Complaint.

# I.   INTRODUCTION

Plaintiff filed her original Complaint on August 23, 2012 (the "Complaint")—two days before the statute of limitations expired.  The Complaint defined the class as Virginia recipients of Nationstar's correspondence who owe their debt to a particular creditor.  Plaintiff appeared content with her claims and allegations until Nationstar's discovery responses on January 18, 2013 revealed that there are only two members in the putative class defined in the Complaint. Shortly thereafter, on February 22, 2013, Plaintiff moved to amend the Complaint and expand the class definition to all Virginia borrowers regardless of the creditor to whom the debt is owed. (ECF#15).  Plaintiff's motion to file the First Amended Class Action Complaint ("First Amended Complaint") was granted on February 27, 2013.

The parties then resumed discovery and exchanged additional discovery requests and responses.  Plaintiff's counsel was in possession of all the facts necessary to amend Plaintiff's claims and add Kelly but did not appear to have any plans to do so until Nationstar moved to dismiss Plaintiff's claims on the merits (ECF#21) and to strike Plaintiff's class allegations as time-barred on April 15, 2013 (ECF#23).  Realizing the strength of Nationstar's position and with the deadlines for Plaintiff's opposition brief and the Settlement Conference approaching, Plaintiff again moved to amend on April 24, 2013 (ECF#25).

Plaintiff's Motion for Leave to File Second Amended Complaint is in complete disregard to the procedural considerations of this case and the Court-established Rule 16 deadlines.  The deadline for amending pleadings passed four (4) months ago and the discovery cutoff passed on May 6, 2013.  If Plaintiff's motion were granted, it would either leave Nationstar without the opportunity to conduct any discovery into Plaintiff's and Kelly's new allegations and claims or it would require the Court to modify its Scheduling Order and extend the deadlines.  No good cause exists for entering a new scheduling order.  Plaintiff has unduly delayed her second

2

amendment and stood by as Nationstar conducted discovery and filed dispositive motions in reliance on the earlier pleadings. Therefore, any amendment at this stage of litigation will be unfairly prejudicial to Nationstar. In addition, the proposed amendments add no legitimate claims and do nothing to cure fatal deficiencies in Plaintiff's First Amended Complaint. Accordingly, Plaintiff's motion for leave to amend should be denied as unduly late, prejudicial, and futile.

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.    Original Complaint

Plaintiff filed the Complaint claiming violations of the FDCPA disclosure requirements in Nationstar's letter to Plaintiff dated August 25, 2011 (the "FDCPA Letter"). The Complaint was filed on August 23, 2012, just two days before the expiration of the FDCPA one-year statute of limitations. Plaintiff alleged a class of Virginia consumers who received similar FDCPA letters and whose debt is owed to Bank of NY Mellon as Trustee for FHASI 2007-AR3 [hereinafter, the "Original Class"]. (Compl. ¶ 30).

### B.    First Amended Complaint

On January 18, 2013, Nationstar served its responses to Plaintiff's First Set of Discovery Requests disclosing that there are only **two (2)** members in the Original Class. Therefore, the numerosity requirement is not met. A copy of the relevant discovery responses, along with Nationstar's signed Verification Page, is attached hereto as **Exhibit 1**. (*See* Nationstar's Responses to Pl.'s RFA Nos. 8–13; ROG No. 3, and RPD No. 6). In response, on February 22, 2013, Plaintiff moved to amend the Complaint and expand the class definition. (ECF #15–16). On February 27, 2013, Plaintiff's motion to amend was granted (ECF#17).

In the First Amended Complaint, Plaintiff alleged two new FDCPA violations based on a Notice of Servicing Assignment dated August 25, 2011 (the "Notice of Servicing Transfer") and

a notice posted on Plaintiff's front door on or around May 30, 2012 (the "Door Hanger").  The First Amended Complaint also sought to broaden the Original Class and encompass all Virginia recipients of Nationstar's correspondence without regard to the creditor to whom the debt is owed [hereinafter, the "Amended Class"]:

> All natural persons residing in Virginia at the time that they received correspondence from the Defendant (i) in an attempt to collect a debt serviced by the Defendant, (ii) that was incurred primarily for personal, household or family purposes (iii) at a time that Defendant's records stated that the subject debt was in default, (iv) during the one year period prior to the filing of the Complaint in this matter.

(First Am. Compl. ¶ 41).

The Amended Class was divided into three sub-classes: recipients of the Notice of Servicing Transfer, recipients of the FDCPA Letters, and recipients of the Door Tags.  *Id.*  Each subclass sought to include recipients of the relevant correspondence "during the one year period prior to the filing of the Complaint in this matter," i.e. between August   *Id.*

## C.   <u>Second Amended Complaint</u>

On April 15, 2013, Nationstar filed Motions for Judgment on the Pleadings and to Strike Plaintiff's Class Allegations.  (ECF##21–24).  Anticipating dismissal of her claims, the day before the Settlement Conference scheduled with Judge Lauck, Plaintiff filed a Motion for Leave to File Second Amended Complaint.  (ECF ##25 – 26).

In the Second Amended Complaint, Plaintiff no longer claims that Nationstar failed to identify the creditor to whom the debt is owed.  She repeats her other claims verbatim with the exception of clarifying her claim for failure to state the amount of debt in violation of 15 U.S.C. § 1692g(a)(1).  (Second Am. Compl. ¶¶ 9 – 42).  Namely, Plaintiff now alleges the amount of debt is not reflected **as of the date of the FDCPA Letter** and the itemized breakdown in the FDCPA Letter does not equal the listed total amount of debt.  (*Id.* at ¶¶ 30 – 31).

4

The Second Amended Complaint also purports to add another class representative Kelly. Kelly alleges he received a Notice of Servicing Transfer on October 30, 2012 ("Kelly's Notice of Servicing Transfer").   On the same date, he received a letter containing debt validation disclosures pursuant to 15 U.S.C. § 1692g ("Kelly's FDCPA Letter").   Like Plaintiff, Kelly claims that Kelly's Notice of Servicing transfer violates section 1692e(11) because it does not contain the mini-Miranda and that Kelly's FDCPA letter violates section 1692g(a)(2) because it does not contain the amount of debt as of the date of the letter and the itemized breakdown does not equal the listed total.  (*Id.* at ¶¶ 51 – 53, 64 – 65).  Unlike Plaintiff, Kelly does not assert the "in writing" claim under section 1692g(a)(3) because Kelly's FDCPA Letter is different, including but not limited to the fact it does not contain the "in writing" language.  (Second Am. Compl. Ex. E, third bullet point).

The putative class is defined as Virginia residents who received correspondence from Nationstar "during the one year period prior to the filing of the Complaint in this matter."  (the "Second Amended Class")  (Second Am. Compl. ¶ 66).  The Complaint was filed on August 23, 2012.  Therefore, according to the Second Amended Class definition, the relevant class period is August 23, 2011 through August 23, 2012.  The Second Amended Class is divided into four subclasses: recipients of the Notice of Servicing Transfer; recipients of the FDPCA Letters that fail to disclose the amount of debt; recipients of the FDCPA Letters that contain the "in writing" language allegedly in violation of section 1692g(a)(3); and recipients of the Door Tags — all within one year prior to the filing of the Complaint. Kelly is not a member of the Second Amended Class or any of its subclasses because he did not receive correspondence from Nationstar until October 30, 2012.

D.     **Scheduling Order**

   Pursuant to the Scheduling Order entered by the Court in this case, the last day to move to amend any pleadings was December 27, 2012, that is, more than four (4) months ago. (ECF# 12). In addition, the discovery cutoff date of May 6 has also passed and Plaintiff's motion for class certification is due on May 20. (*Id.*) At no time did Plaintiff move to amend the Scheduling Order to extend these deadlines.

III.  ARGUMENT

A.     **Plaintiff's Second Amendment is Unduly Late and Prejudicial**

   The United States Court of Appeals for the Fourth Circuit has made it clear that "undue delay 'accompanied by futility or prejudice to the non-movant' is 'a sufficient reason' for denying leave to amend under Rule 15(a)." *Naden v. SAGA Software, Inc.*, 11 Fed. Appx. 381, 382-383 (4th Cir. 2001) (quoting *HealthSouth Rehabilitation Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1010 (4th Cir. 1996)); *accord Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (amending pleadings after the close of discovery, which would have required its reopening, prejudiced the non-moving party); *see also Smith v. Angelone*, 111 F.3d 1126, 1135 (4th Cir. 1997) (holding that given the delay in amending, the late hour of the motion to amend, and the burdens it would impose on the opposing party, the district court did not abuse its discretion in denying the motion to amend); *see also Holland v. Chase Home Fin., LLC*, 2011 U.S. Dist. LEXIS 102197 (E.D. Va. 2011) (denying motion to amend, finding plaintiff unduly delayed the amendment, which would prejudice defendant).

   When a motion for leave to amend is filed after Rule 16 scheduling deadlines have passed, the Fourth Circuit has expressly held that Rule 16 "good cause" standard trumps the more liberal standard under Rule 15. Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.* Accordingly, "after

6

the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."[1]  *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 299 (4th Cir. 2008).  In *Nourison*, the Court refused to adopt "a new … reading [of] Rule 16(b) in light of Rule 15(a)'s liberal allowances" and denied the party's Rule 15(a) motion to amend where no good cause was shown after the deadlines in the scheduling order have passed. *Id.* at 299.  "Given their heavy case loads, district courts require the effective case management tools provided by Rule 16." *Id.*  Moreover, undue delay can be inferred from the absence of explanation for the delay.  *Naden v. SAGA Software, Inc.*, 11 Fed. Appx. 381, 382-383 (4th Cir. 2001) (citing *National Bank of Washington v. Pearson*, 863 F.2d 322, 328 (4th Cir. 1988)); *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987) (finding plaintiff's delay was undue because plaintiff failed to offer any reason for delay).

In *Nourison Rug Corp.*, defendant moved to amend his answer to assert an additional affirmative defense after plaintiff had moved for summary judgment. *Id.* at 297.  At that time, two months had already passed after the scheduling order's deadline for amendments of the pleadings and one month was remaining before the discovery deadline. *Id.*  In its motion for leave to amend, defendant explained the delay by stating that, in responding to the motion for summary judgment, defendant's counsel reviewed defenses asserted in the answer and realized that an additional defense was available." *Id.*  The Court held that this explanation fell "far short

---

[1] *Accord O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-55 (1st Cir. 2004) (applying the good cause standard in similar situation); *accord Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000), abrogated on other grounds as stated in *Saviano v. Town of Westport*, 2011 U.S. Dist. LEXIS 112722 (D. Conn. Sept. 30, 2011); *S & W Enters. v SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

of what is required to satisfy the good cause standard, and the District Court thus properly denied the Motion." *Id.* at 298.

Here, the time lapse since the Court-established deadline for amendment of the pleadings is twice as long as that in *Nourison*.  Further, unlike *Nourison*, the discovery cutoff is not a month away but has already passed.  While in *Nourison* the moving party provided at least some explanation for the delay, here Plaintiff failed to offer any explanation at all, which in itself raises the inference of undue delay.  *Naden*, 11 Fed. Appx. at 382-383.

In *Naden*, the Court faced a factual scenario strikingly similar to the one in the present case.  As in this case, plaintiff's motion to amend was filed four months after the scheduling order's deadline for amendment of pleadings.  Like Plaintiff here, the plaintiff in *Naden* filed his leave to amend without any explanation for the delay.  Also, in *Naden*, the plaintiff did not seek leave to amend until after defendant filed a dispositive motion even though the amendment was based on facts known to plaintiff before defendant's dispositive motion was filed.  *Id.* at 382-383.  The Court affirmed the district court's denial of the motion to amend holding that defendant was unfairly prejudiced because, in conducting discovery and preparing his dispositive motion, defendant relied on the original pleadings.  *Id.* at 383.  Importantly, *Naden* was decided before *Nourison* under the more liberal Rule 15 standard and demonstrates that Plaintiff's motion for leave here must be denied under the stricter "good cause" standard.

As in *Naden*, Plaintiff did not move to amend her First Amended Complaint until after Nationstar moved for judgment on the pleadings and to strike Plaintiff's class allegations as time-barred and until after four months have passed since the deadline for amending pleadings.  Plaintiff's Memorandum in support of her Motion for Leave to Amend offers no good cause – or any cause – for this undue delay because there is none.  All the facts underlying Plaintiff's

allegations were known to her as of May 2012 when she was in receipt of all the correspondence from Nationstar at issue here – the Notice of Servicing Transfer, the FDCPA letter (both received on August 25, 2011), and the Door Tag (received in May 2012), including Plaintiff's amended claim for failure to state the amount of debt because the listed amounts do not add up to the listed total. However, Plaintiff did not employ the due diligence in asserting her claims. "The burden rests primarily upon the plaintiff to amend his complaint, not upon the defendant to anticipate a new claim." *Deasy*, 833 F.2d at 41.

Further, the additional putative class representative Kelly received his Notice of Servicing Transfer and FDCPA Letter in October 2012, and Plaintiff could have moved to add him as a party back then.[2] Kelly is no stranger to Plaintiff's counsel since at least April 2012 because he is a putative class representative in another purported class action for which Plaintiff's counsel is an attorney. Instead, Plaintiff let Nationstar conduct its discovery and prepare its dispositive motions in reliance on the allegations in Plaintiff's First Amended Complaint. Then, days before the discovery cutoff of May 6, 2013, Plaintiff moved for leave to file a Second Amended Complaint. As in *Naden*, this unfair prejudice to Nationstar and playing fast and loose with the Court and its rules and procedures should not be permitted. **A Rule 16 Scheduling Order "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril….** Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *B.T. v. Dept. of Edu.*, 637 F. Supp. 2d 856, 867 (D. Hi. 2009) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 610 (9th Cir. 1992)) (emphasis added). The grant of Plaintiff's Motion for Leave will either leave Nationstar without an

---

[2] Regardless of the undue delay issue, adding Kelly as a class representative in this action is futile because he cannot serve as one since he is not a member of the class.

opportunity to conduct discovery into the new allegations and claims or will require modifications of the Scheduling Order in this case contrary to the good cause standard that is not satisfied here. Accordingly, Plaintiff's Motion for Leave should be denied as unduly late and prejudicial.

**B.    Plaintiff's Proposed Amendment Is Futile**

It is well established that a court may deny leave to amend a complaint where the proposed amendments would be "futile." *See, e.g., Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) ("the district court was justified in denying [plaintiff's] motion to amend her complaint because the proposed amendments could not withstand a motion to dismiss"); *Shafer v. Preston Memorial Hospital Corp.*, 107 F.3d 274, 281-82 (4th Cir. 1997) ("A court may refuse to allow leave to amend pleadings when the proposed changes would be futile"); *New Beckley Mining Corp. v. International Union, UMWA*, 18 F.3d 1161, 1164 (4th Cir. 1994) (same). Applying this standard, Plaintiff's motion for leave should be denied because (1) Kelly cannot be added as a class representative since he is not a member of Plaintiff's defined class; (2) Plaintiff's class claims are time-barred; and (3) Plaintiff's and Kelly's allegations fail to state a cognizable FDCPA claim.

**1.    Proposed class representative Kelly is not a member of the Second Amended Class and cannot serve as a class representative**

Rule 23 authorizes "[o]ne or more members of a class" to bring a class action on behalf of other class members. *Id.* Accordingly, all courts agree that a putative class representative must be a member of the proposed class. *Arlington Video Prods. v. Fifth Third Bancorp*, 2013 U.S. App. LEXIS 3355 (6th Cir. 2013) ("The class representative must be a member of the class and must also possess the same interest and suffer the same injury as the class members."); *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 260 (3d Cir. Pa. 2012) (a class representative "must be

10

a member of the class, not a third party"); *Culver v. City of Milwaukee*, 1999 U.S. App. LEXIS 26473 (7th Cir. Wis. Oct. 15, 1999) ("the purported class representative must be a member of the proposed class"); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1471 (6th Cir. Ohio 1989) (Under Fed.R.Civ.P. 23, the class representative must be a member of the class he claims to represent"); *cf. Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. N.Y. 2007) (emphasizing, "[t]o have standing to sue as a class representative it is essential that a plaintiff . . . be a part of that class"; finding that plaintiffs were adequate class representatives because at the time they filed the action they were class members and subsequent assignment of their claims did not deprive them from that status).   This axiomatic threshold requirement ensures that class members are being adequately represented.    Fed. R. Civ. P. 23(a)(4) (requiring that class representatives "fairly and adequately protect the interests of the class").    Plaintiff bears the burden of establishing that all requirements of Rule 23 are met and the failure to meet any one of them is fatal to Plaintiff's putative class action. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006) (stressing the burden to establish Rule 23 requirements is on plaintiff).

Here, it is clear from the face of the Second Amended Complaint that Kelly is not a member of the Second Amended Class and thus he cannot be added as a class representative. Plaintiff has defined the Second Amended Class as Virginia recipients of Nationstar's correspondence "during the one year period prior to the filing of the Complaint in this matter." (Second Am. Compl. ¶ 66).  Plaintiff filed the Complaint on August 23, 2012, and the one-year period before the filing is from August 23, 2011 to August 23, 2012.  Kelly, on the other hand, did not receive the Notice of Servicing Transfer or the FDCPA Letter from Nationstar until October 20, 2013, which is outside the class period.  Therefore, Kelly is not a class member and

Plaintiff's proposed amendment to add Kelly as a class representative is futile and should be denied.

**2.      Plaintiff's class allegations are time barred**

Although Plaintiff has slightly revised the definition of subclasses in an attempt to align them with Kelly's claims, the definition of the Second Amended Class repeats verbatim the class definition in the First Amendment Complaint.  Therefore, all of Nationstar's arguments stated in its Memorandum in Support of Nationstar's Motion to Strike Class Allegations equally apply to the Second Amended Class, and Nationstar incorporates its Memorandum in Support of Motion to Strike Class Allegations by reference (ECF#23).  For the reasons stated in the memorandum, Plaintiff's class claims are time barred and Plaintiff's class allegations should be stricken.

**3.      Plaintiff's and Kelly's allegations fail to state a viable FDCPA claim**

Plaintiff's and Kelly's factual allegations and legal claims in the Second Amended Complaint are an almost verbatim restatement of the First Amended Complaint with the exception of one additional claim addressed in more detail below.  Both Plaintiff and Kelly claim that the Notice of Servicing Transfer violates section 1692e(11) because it does not contain the mini-Miranda warning.  (Second Am. Compl. ¶¶ 73 – 77) (Count I).  Plaintiff additionally asserts the same claim with respect to the Door Hanger that she received.[3]  *Id.*  Plaintiff and Kelly claim that the FDCPA Letter fails to disclose the amount of debt in violation of sections 1692g(a)(1). (*Id.* at ¶¶ 78 – 80) (Count II).  Finally, Plaintiff claims that the FDCPA letter also violates section 1692g(a)(3) because fails to disclose that oral disputes are permitted to overcome the assumption of debt validity.  (*Id.* at ¶¶ 86 – 88)  (Count IV).[4]  These are the same claims that Nationstar has

---

[3] Kelly does not assert a Door Hanger claim.
[4] Kelly does not assert section 1692g(a)(3) claim because his FDCPA Letter is different.

already addressed in its Memorandum in Support of Nationstar's Motion for Judgment on the Pleadings, which Nationstar incorporates here by reference.[5]

The only new claim is Plaintiff's and Kelly's allegations that the itemized breakdown in the FDCPA Letters does not equal the listed total amount of debt and, therefore, the FDPCA letter makes false, deceptive, or misleading representations in violation of section 1692e. (Second Am. Compl. ¶¶ 31, 65, 81 – 85) (Count III).  Plaintiff's and Kelly's allegations do not state a claim for which relief can be granted because (a) the FDCPA letter does not misrepresent the amount of debt owed, and (b) even if it does, any such misrepresentations are not material within the meaning of the FDCPA.

> ### a.    *The FDCPA Letter does not misrepresent the amount of debt owed*

Plaintiff's and Kelly's FDCPA Letters state in relevant part: "Your total debt … is $[dollar amount].  This amount **includes** [dollar amounts for principal, interest, etc]."  (Second Am. Compl. <u>Exs. B</u> and <u>E</u>) (emphasis added).  Thus, the plain language of the FDPCA Letters makes it clear that these are examples of the various components included in the total; these examples do not comprise the entire total.  Indeed, the Merriam-Webster dictionary defines the verb "include" as "to take in or comprise as a part of a whole or group" or "to contain between or within."[6]   In contrast, "equal" means "of the same … quantity, amount, or number as another" or "identical in mathematical value."[7]

---

[5] While the First Amended Complaint did not explain the basis for Plaintiff's claim for failure to state the amount of debt, the Second Amended Complaint clarifies that the FDCPA Letter does not contain the amount of debt "as of the date of the notice."  (Second Am. Compl. ¶ 30).  As fully addressed in Nationstar's Memorandum in Support of Motion for Judgment on the Pleadings, the FDPCA does not require that the debt be listed as of the date of communication. (ECF#21 at pp. 15-17).

[6] Available at http://www.merriam-webster.com/dictionary/include (emphasis added).

[7] Available at http://www.merriam-webster.com/dictionary/equal (emphasis added).

There is nothing false, deceptive, or misleading in explaining that the total includes certain components, such as principal balance, interest, and others.  Even the "least sophisticated consumer" standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."[8]  *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996); *see also Johnson v. BAC Home Loans Servicing*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011) ("Although naive, the least sophisticated debtor is not 'tied to the very last rung of the intelligence or sophistication ladder.'") (quoting *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)).  Therefore, Plaintiff's and Kelly's allegations for false, deceptive, or misleading representations in violation of section 1692e (Count III) fail to state a legally cognizable claim and should be dismissed with prejudice.  Accordingly, Plaintiff's amendment to add these claims is futile.

### b.    *Even if the FDCPA Letter contained a misrepresentation, it was immaterial as a matter of law*

Courts in the Fourth Circuit and other jurisdictions have held that, in addition to demonstrating falsity or deception, an FDCPA claimant can only prevail if the debtor is able to demonstrate a "material" falsity.  *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 373-374 (4th Cir. 2012) (acknowledging that courts materiality standard to claims for false or misleading statements under the FDCPA); *Penn v. Cumberland*, 883 F. Supp. 2d 581, 589-590 (E.D. Va.

---

[8] Moreover, Kelly's FDCPA claims should be reviewed under a "competent lawyer" standard, as opposed to the "least sophisticated consumer" standard because, at the time Kelly received the FDCPA letters, he was already represented by Consumer Litigation Associates, P.C. in connection with his FDCPA and other consumer law claims.  *See Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 774-775 (7th Cir. 2007) (holding that where communications are directed at a consumer's attorney, the proper inquiry is whether the representation would be false or misleading to a "competent lawyer" not to a "least sophisticated consumer"); *Penn v. Cumberland*, 883 F. Supp. 2d 581, 589-590 (E.D. Va. 2012) (acknowledging, with approval, *Evory*'s "competent lawyer" standard).

14

2012) (applying materiality standard to 1692e claims, finding on FDCPA violations where misrepresentations were not material); *Albritton v. Sessoms & Rogers, P.A.*, No. 5:09-cv-321, 2010 U.S. Dist. LEXIS 78371, at *18 (E.D.N.C. Aug. 3, 2010) ("Based on the absurd results that could come from plaintiff's interpretation, wherein every *de minimis* error would render a debt collector liable under the FDCPA and every debt collection defense would turn into a hunt for the slightest misspelling, mislabeling, or minute technical falsity, this court applies the materiality standard."); *see also Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."); *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596-597 (6th Cir. 2009) (same).

The disclosure of the total amount of debt is all that is required, and no itemized breakdown into principal, interest, and fees is necessary to comply with section 1692g(a)(1). *See, e.g., Beasley v. Sessoms & Rogers, P.A.*, Case No. 5:09-cv-43, 2010 U.S. Dist. LEXIS 52010, *13-16 (E.D.N.C. Mar. 1, 2010) (dismissing plaintiff's FDCPA claim finding no violation where the letter disclosed the amount of debt as: "The outstanding balance of the debt is $1,211.84."); *see also Newman v. Ormond*, 396 Fed. Appx. 636, 639 (11th Cir. 2010) (no material misrepresentation where debt collector did not delineate the amount sought between the actual debt and attorney's fees and collection costs); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (finding the amount of debt disclosure did not contain a false, deceptive, or misleading representation where the amount of $ 32.89, labeled as 12% interest on principal, was actually comprised of finance charges and post-assignment interest, but not labeled as such). The Seventh Circuit's widely-followed "safe harbor" language contains no itemization of the debt components: "As of the date of this letter, you owe $ [the exact amount

due." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. Ill. 2000). Therefore, even if the itemized breakdowns listed in Plaintiff's and Kelly's FDCPA Letters were inaccurate, such inaccuracy was immaterial because the disclosure itself is not required, and the only material information – the total amount of debt – is not false, deceptive, or misleading. Accordingly, Plaintiff's and Kelly's claims fail as a matter of law and the proposed amendment to add these deficient claims is futile.

## IV.   CONCLUSION

For all of the above reasons, Defendant Nationstar Mortgage, LLC, respectfully requests that the Court deny Plaintiff's Motion for Leave to File Second Amended Complaint and grant Defendant any further legal or equitable relief as the Court deems appropriate.

Dated:  May 8, 2013                                   Respectfully submitted,

                                                      **NATIONSTAR MORTGAGE LLC**


                                                      By: ___/s/ Jason E. Manning_____
                                                                  Of Counsel

John C. Lynch (VSB # 39267)
Jason E. Manning (VSB # 74306)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7765
Facsimile:  (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2013, I electronically filed the foregoing documents with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/EC participants:

**Counsel for Plaintiff Marlene Dennis**
Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb Street
Petersburg, VA 23803-3212
E-mail: dale@pittmanlawoffice.com

Kristi C. Kelly
Surovell, Isaacs, Petersen & Levy, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
E-mail: kkelly@siplfirm.com

Leonard A. Bennett
Consumer Litigation Associates, P.C.
12515 Warwick Blvd., Suite 101
Newport News, Virginia 23606
E-mail: lenbennett@clalegal.com

Matthew J. Erausquin
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
E-mail: matt@clalegal.com

/s/ Jason E. Manning
John C. Lynch (VSB # 39267)
Jason E. Manning (VSB # 74306)
Counsel for Nationstar Mortgage, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7765
Facsimile:  (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com